UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA LUGO, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1] <br><br> Defendant. | Case No. CV 13-3974 JCG <br><br> **MEMORANDUM OPINION AND ORDER** |

Margarita Lugo ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits. Three issues are presented for decision here:[2]

    1.    whether the Administrative Law Judge ("ALJ") properly assessed Plaintiff's credibility, (*see* Joint Stip. at 5);

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

[2] In the joint stipulation, Plaintiff lists one disputed issue: "Whether the ALJ properly considered the severity of [Plaintiff's] mental health problems." (Joint Stip. at 4.) Upon examination, however, it appears that Plaintiff raises three distinct contentions therein. (*See id.* at 4-7.) Accordingly, the Court takes each argument in turn.

1        2.     whether the ALJ properly interpreted Plaintiff's Global Assessment of Functioning ("GAF") score, (*see id.*); and

3        3.     whether the ALJ fully and fairly developed the record.  (*See id.* at 6.)

The Court addresses, and rejects, Plaintiff's contentions below.

A.   Plaintiff's Credibility

Plaintiff first complains that the ALJ improperly rejected her testimony regarding symptoms of "depression . . . hearing voices and seeing shadows." (*Id.* at 5, AR at 55.)  The Court disagrees.

An ALJ can reject a claimant's subjective complaints by expressing clear and convincing reasons for doing so.  *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ provided *three* clear and convincing reasons in support of his credibility determination.

First, the ALJ properly relied on a lack of treatment in rejecting Plaintiff's testimony.  *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (noting that in evaluating credibility, the ALJ may consider any "inadequately explained failure to seek treatment").  In particular, although Plaintiff reported being depressed for three to four years, she did not seek treatment until August 2010, "eight months after her application was filed and four months after [this] appeal was filed."  (AR at 23.)

Second, the ALJ properly rejected Plaintiff's credibility because her testimony was inconsistent with her initial disability report.  (*See id.* at 23, 166-70); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (specifically listing inconsistent statements as a valid reason for discrediting a claimant).  Here again, Plaintiff testified that she had been depressed for three to four years.  Nevertheless, "she did not report any mental health problems when she filed her claim for benefits."  (AR at 23.)

1     Third, the ALJ found that the objective medical evidence does not support
2  Plaintiff's testimony. (AR at 21); *see Rollins v. Massanari*, 261 F.3d 853, 856-57
3  (9th Cir. 2001) (finding that a lack of supporting medical evidence can be one, but
4  not the only, reason for rejecting a claimant's testimony). Specifically, the ALJ
5  noted that although Plaintiff claimed that her mental symptoms were the result of a
6  stroke, "[t]here is no medical evidence of the claimant having a stroke. She was able
7  to speak and be understood clearly at the hearing [and] no medical examiner has
8  reported any speech difficulties with the claimant." (AR at 23.)
9     The Court does note, however, that the ALJ did improperly rely on Plaintiff's
10 activities of daily living. Of these activities, the ALJ specifically noted that Plaintiff
11 can care for her hygiene and manage her finances. (*Id.* at 23.) But daily activities
12 like these are not typically considered substantial gainful activities. *Lewis v. Apfel*,
13 236 F.3d 503, 516 (9th Cir. 2001). Such activities only discredit a claimant if they
14 are transferable to a work environment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.
15 1989). The ALJ provided no evidence to suggest that such is the case here. Thus,
16 there appears to be no basis for discrediting Plaintiff on this ground. However, in
17 light of the numerous valid reasons provided by the ALJ, this error is harmless. *See*
18 *Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("So long as there
19 remains substantial evidence supporting the ALJ's conclusions on credibility . . .
20 such is deemed harmless and does not warrant reversal." (citations omitted).
21    Accordingly, for the above reasons, the Court finds that the ALJ provided
22 substantial evidence in support of his determination of Plaintiff's credibility. *See*
23 *Thomas*, 278 F.3d at 959 (the Court may not engage in second-guessing if the ALJ's
24 credibility finding is supported by substantial evidence in the record).
25    B.    Plaintiff's GAF Scores
26    Plaintiff next asserts that ALJ improperly interpreted her GAF scores of 45
27 and 46 as indicating only moderate, rather than severe symptoms. (*See* AR at 21,
28

3

285, 295.) While Plaintiff's GAF scores are technically in the serious range,[3] the ALJ's error here is harmless. *See Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error "inconsequential to the ultimate nondisability determination" is harmless). Two reasons guide this determination.

First, both of Plaintiff's GAF scores are inconsistent with the findings in the treatment notes. *See Graham v. Barnhart*, 76 Fed. Appx. 829, 830 (9th Cir. 2003) (finding physician's opinion was properly rejected where GAF score was inconsistent with findings in report). Plaintiff's August 24, 2010 GAF score of 46 is inconsistent with the treatment notes. On the same day, Plaintiff's physician, Dr. Flores, also found that Plaintiff's appearance, hygiene, speech, memory, and concentration were all within normal limits. (*See* AR at 294.) Dr. Flores assessed no thought or behavioral disturbances, and Plaintiff was oriented as to person, place, and time. (*Id.* at 296.) Similarly, the treatment note, dated February 1, 2011, and opining the GAF score of 45, fails to include any evidence supporting a more restrictive mental residual functional capacity ("RFC") than the one determined by the ALJ. (*See generally id.* at 285-90.)

Second, the GAF score, as a method for evaluating the severity of impairments, has been specifically rejected by the Social Security Administration. 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000). Accordingly, a GAF score alone would not establish disability. Because the medical evidence otherwise contradicts Plaintiff's GAF scores, and supports the ALJ's RFC determination, his decision is supported by substantial evidence. *See Stout*, 454 F.3d at 455.

---

[3] A GAF score of 41-50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational or school functioning (e.g. no friends, unable to keep a job)." American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* (DSM-IV) 32 (4th ed. 2000).

### C. The ALJ's Duty to Develop the Record

Lastly, Plaintiff complains that the ALJ failed to adequately develop the record. (Joint Stip. at 6.) In support of her argument, Plaintiff cites to her own testimony and to her GAF scores. (*Id.* at 5-6.) In Plaintiff's view, the ALJ should have sought "the help of a psychological consultative examiner." (*Id.* at 6.) The Court however, is unconvinced.

An "ALJ's duty to develop the record further is triggered *only* when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (emphasis added). Neither is the case here. Both Plaintiff's credibility and GAF scores were discounted for valid, independent reasons, as discussed above. Hence, the evidence was neither insufficient nor ambiguous. Rather, it provided the ALJ a sufficient basis for evaluating the limiting effects of Plaintiff's depressive disorder. Accordingly, the Court determines that the ALJ fulfilled his duty to develop the record.

For the above reasons, the Court finds substantial evidence supported the ALJ's decision that Plaintiff was not disabled. *Mayes*, 276 F.3d at 459-60.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated February 5, 2014

_____
Hon. Jay C. Gandhi
United States Magistrate Judge